**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARIA E. GARCIA, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-24-CA-01426-XR |
| | § | |
| WAL-MART STORES EAST, LP,  WAL- | § | |
| MART STORES TEXAS, LLC, | § | |
| *Defendants* | § | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this date, the Court considered Defendants' motion for summary judgment (ECF No. 22), Plaintiff's response (ECF No. 27), and Defendants' reply (ECF No. 28). After careful consideration, Defendants' motion is **GRANTED**.

**BACKGROUND**

I.    **Factual Background**

On November 9, 2022, 78-year-old Plaintiff Maria Garcia was walking down an unimproved hillside to a Walmart Supercenter located at 8500 Jones Maltsberger Road from the rear perimeter of the store when she tripped over a tree root sticking out of the ground and fell to the ground, causing a broken elbow and a head injury. ECF No. 1-1, Exh. A, Pet. ¶ 14; ECF No. 22-2, Plaintiff Dep. at 13:2–8, 14:13–16, 15:5–7.

Rather than using the designated sidewalk and entrance, Plaintiff approached the store "through the back" as she had done "several times" before "to save a couple of minutes." *Id.* at 14:15–16, 15:15–17. She confirmed there was nothing blocking her from using the sidewalk and the designated entrance. *Id.* at 13:17–19; 14:13–16, 15:18–22. As she was descending the "little hill," Plaintiff stumbled on a tree root and, with "nothing to hold on to," fell to "the ground, which was all gravel." *Id.* at 13:18–19, 14:17–20, 15:8–14.

On the same date, the store's Asset Protection Operations Coach ("APOC"), Johnny Donovan, took photographs of the area where Plaintiff fell behind the store, showing the incline, exposed tree roots, gravel, and the adjacent sidewalk. *See* ECF No. 22-4, Donovan Decl. ¶ 7.



*See* ECF No. 22-6 at 2 (photographs). Donovan also reviewed two hours of surveillance footage of the area. ECF No. 22-4, Donovan Decl. ¶¶ 4–6; *see* ECF No. 22-5. The video footage showed multiple people walking on the hillside where Plaintiff fell, at least one of whom followed the same path as Plaintiff.[1] ECF No. 27-2.

Donovan is "in charge of security, fixtures, [and] safety . . . of the business," both "inside and outside of the store." ECF No. 22-3, Donovan Dep. at 9:2–8. As part of his APOC duties, Donovan conducts a "daily tour" of the premises, walking the interior and exterior of the building to look for hazards that might be a safety risk to customers or Walmart associates. *Id.* at 16:7–13. He also "drive[s] around the building . . . every morning [to] look for potholes." *Id.* at 30:22–25.

On the day of Plaintiff's fall, Donovan had already completed his daily tour. *Id.* at 32:15–17. He testified that he did not walk the hillside where Plaintiff fell—and had never done so—because it was infeasible and "not a normal pathway" because "[t]here's a sidewalk right next to it." *Id.* at 17:22–18:13. He further testified that his own children would "know better not to walk

---

[1] Donovan confirmed that, on his daily rounds, he used to regularly find "homeless people" behind the store near the area where Plaintiff fell. ECF No. 22-3, Donovan Dep. at 34:18–35:3.

down that hill," "especially with the roots coming out of the ground," which Donovan described as "very large and very noticeable." *Id.* at 19:15–18, 28:5–10.

## II.      Procedural History

Plaintiff sued Wal-Mart Stores East, LP ("Walmart East") and Wal-Mart Stores Texas, LLC ("Walmart Texas," and with Walmart East, "Walmart") in Texas state court, asserting claims for premises liability and negligence.[2] ECF No. 1-1. Plaintiff alleges Walmart knew or should have known of an exposed tree root on the exterior hillside and failed to make the area safe. *Id.* Walmart removed the case to this Court based on diversity jurisdiction. *See* ECF No. 1.

Walmart now moves for summary judgment on all claims. ECF No. 22. Specifically, Walmart seeks summary judgment as to (A) Plaintiff's negligence claim because it is subsumed by her premises liability theory, (B) Plaintiff's claims against Walmart East because there is no evidence that it controlled the premises, and (C) Plaintiff's premises liability claim against Walmart Texas, because (1) the exposed tree roots were open and obvious, and (2) the alleged hazard was a naturally occurring outdoor condition.[3] The Court addresses each argument in turn.

---

[2] Plaintiff also named "Wal-Mart" and "Wal-Mart Stores TX, LP" as Defendants in her original petition. *See* ECF No. 1-1, Exh. A, Pet. at 1. In their original and amended answers, Defendants explained that neither is a legal entity capable of being sued. *See id.*, Exh. D, Answer at 1–2; *see also* ECF No. 18 ¶ 7. Rather, "Walmart" is merely the "common name of the Walmart Store operated by Defendant Wal-Mart Stores Texas, LLC," and "Wal-Mart Stores Texas, LP ceased to exist as of June 30, 2007, when it merged with Wal-Mart Stores Texas, LLC." *Id.* Neither "Walmart" nor "Wal-Mart Stores Texas, LP" has been mentioned or appeared in the caption of Plaintiff's filings since either answer was filed. *See, e.g.*, ECF No. 27 (response to Walmart's motion for summary judgment). Accordingly, her claims against those defendants are deemed abandoned.

[3] Walmart also asserts that there is no evidence of actual or constructive knowledge of the condition. *See* ECF No. 22 at 9–11. The Court does not reach this argument, however, given its conclusion that the tree roots were open and obvious and a naturally occurring condition.

**DISCUSSION**

## I.  Legal Standard[4]

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en* banc, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could

---

[4] The Court observes that Plaintiff's opposition relies substantially on Texas Rule of Civil Procedure 166a standards and "no evidence" summary judgment concepts. *See generally* ECF No. 27. As this case is pending in federal court, the standard governing this motion is Federal Rule of Civil Procedure 56, not the Texas state summary judgment framework. *See, e.g.*, *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure.")).

4

or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment, *id.* at 150, and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

## II.    Analysis

### A.    Plaintiff's negligent-activity claim is dismissed with prejudice

The threshold issue is whether Plaintiff's negligence claim is based on negligent conduct or premises liability. In Texas, general negligence and premises liability claims are "separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463 (Tex. 2017).[5] They are not interchangeable; each theory requires certain proof and is subject to certain defenses.

---

[5] Texas substantive law governs this diversity action. *See Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

*Id.* ("Negligent-activity and premises liability claims 'involve closely related but distinct duty analyses.'") (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). Depending on the circumstances, a person injured on another's property may have either claim against the property owner. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2015).

In *Occidental*, the Texas Supreme Court explained how to distinguish between a general negligence claim and a premises liability claim: "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)) (emphasis added). Put another way, negligent activity "encompasses a malfeasance theory based on affirmative, contemporaneous conduct" by the property owner, while premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *United Scaffolding*, 537 S.W.3d at 471 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)).

"Creative pleading does not change the nature of a claim; if a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence." *United Scaffolding*, 537 S.W.3d at 470–71 (cleaned up). A plaintiff's characterization of his or her claims does not control—the allegations must be examined to determine whether they contain contemporaneous negligent-activity claims or premises liability claims. *Id.* at 480. While "negligent-activity" claims are based on "affirmative, contemporaneous conduct by the owner that caused the injury," premises-liability claims encompass "non-feasance theories" based on the "owner's failure to take measures to make the property safe." *Id.* at 471.

The essential question is whether Plaintiff's claims resulted from a contemporaneous negligent action or an alleged failure to make safe a static condition on the property. *Id.* at 471–72.

In *United Scaffolding*, the Texas Supreme Court applied this framework to determine whether a plaintiff's claims sounded in general negligence or premises liability. *See generally id.* There, a worker was injured after a piece of plywood secured to a scaffold slipped from under him and he fell. *Id.* at 472. He alleged that a contractor created a dangerous condition and then failed to "adequately determine [the] dangerous conditions created," "correct the dangerous condition which existed with the scaffolding," "secure the scaffolding in a proper and safe work condition," and "warn 'that a dangerous condition existed.'" *Id.* At trial, the case was submitted to the jury on a general negligence theory, and the jury found against the property owner. On appeal, the Texas Supreme Court held that the "only fair reading" of the plaintiff allegations was that injuries "resulted from a physical condition left on the property . . . not some contemporaneous activity." *Id.* at 473. Therefore, his claims sounded in premises liability and not general negligence.

*United Scaffolding* and *Keetch* make clear that Plaintiff's claim sounds in premises liability. Indeed, Plaintiff has not identified any "activity" that purportedly caused the tree roots to become exposed or any evidence demonstrating when or how the tree roots became exposed.[6] Accordingly, Walmart's motion for summary judgment as to Plaintiff's claim for negligent activity is granted.

---

[6] The time that elapses between alleged negligent conduct and an injury helps distinguish contemporaneous negligence claims from premises liability claims. This is because "[a]t some point, almost every artificial condition can be said to have been created by an activity." *Keetch*, 845 S.W.2d at 264. To state a claim for negligent activity liability, a plaintiff must show that the alleged negligent activity and the alleged injuries were close in time. In *Keetch*, the thirty minutes that passed between a grocery store spraying plants in the floral department and a customer slipping on liquid which had pooled on the floor was sufficient to take the claim outside of negligent activity liability. That is because "[t]here was no ongoing activity when [the customer] was injured." *Id.* As Texas Supreme Court explained, the customer "may have been injured by a condition created by the spraying but she was not injured by the activity of spraying." *Id.*

### B.    Plaintiff's premises-liability claim against Walmart East

Defendants assert that Plaintiff's claim against Walmart East fails as a matter of law because Plaintiff has not produced any evidence that it owned, leased, occupied, managed, or otherwise exercised the right to control the area where Plaintiff fell. ECF No. 22 at 11–12.

A defendant who did not own, occupy, or control the premises owes no premises-liability duty as a matter of law. *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (control is the "threshold" issue); *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53–54 (Tex. 1997) (duty depends on control); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997) (duty arises from right of control).

Plaintiff's response does not address this argument. *See generally* ECF No. 27. Under Federal Rule of Civil Procedure 56(e), when a party fails to properly address another party's assertion of fact, the Court may consider that fact undisputed for purposes of the motion and may grant summary judgment if the motion and supporting materials show the movant is entitled to judgment as a matter of law.

Because possession or control is the threshold predicate for any premises-liability duty, and because Plaintiff has failed to identify evidence creating a genuine dispute on that element, the record establishes that Walmart East is entitled to judgment as a matter of law on Plaintiff's premises-liability claim.

### C.    Plaintiff's premises-liability claim against Walmart Texas[7]

The Supreme Court of Texas has "characterized [a] landowner's duty as a duty to make safe or warn of unreasonably dangerous conditions that are not open and obvious or otherwise

---

[7] The parties do not appear to dispute that Plaintiff was an "invitee" of Walmart Texas when the incident occurred. *See Austin*, 465 S.W.3d at 202 ("An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both.") (internal quotations and citation omitted).

8

known to the invitee." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Thus, Texas requires an invitee such as Plaintiff to prove four elements to prevail on a premises liability claim: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the risk was the proximate cause of injuries to the invitee. *Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014)).

A landowner's duty to invitees "is not absolute," *Austin*, 465 S.W.3d at 203, and it "is not an insurer of [a] visitor's safety," *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 769 (Tex. 2010) (quoting Restatement (Second) of Torts § 344 cmt. f). Instead, a landowner's premises-liability duties, like its negligence duties, are limited to a duty to exercise ordinary, reasonable care. *Austin*, 465 S.W.3d at 203.

### 1.    The tree roots were an "open and obvious" condition

Under the open-and-obvious doctrine, "[a] dangerous condition that is undisputedly open and obvious . . . raises no obligation to warn as a matter of law." *SandRidge Energy, Inc. v. Barfield*, 642 S.W.3d 560, 563 (Tex. 2022); *see Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). This is because "an invitee exercising ordinary care would have 'knowledge and full appreciation of the nature and extent of danger.'" *SandRidge Energy*, 642 S.W.3d at 563 (quoting *Austin*, 465 S.W.3d at 203). "[T]he landowner is not in a better position to discover [such hazards]," and "the law presumes that invitees will take reasonable measures to protect themselves against known risks." *Austin*, 465 S.W.3d at 203–04.

Under the necessary-use exception, however, a duty to make the premises safe arises when "'despite [the invitee's] awareness of the risks, it is necessary that the invitee use the dangerous

premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk.'" *SandRidge Energy*, 642 S.W.3d at 568 (alteration in original) (quoting *Austin*, 465 S.W.3d at 208). This is because "in some unreasonably dangerous situations, no warning can be adequate." *Id.*; s*ee also Vance v. Hurst Joint Venture LP*, 657 S.W.3d 141 (Tex. App.—El Paso 2022, no pet.) (citing *Austin*, 465 S.W.3d at 207).

The summary judgment record compels the conclusion that the condition was open and obvious and that the necessary-use exception does not apply. The photographs of the hillside attached to Plaintiff's response brief, ECF No. 27-2, and Donovan's testimony that the roots are "very large and very noticeable," ECF No. 22-3, Donovan Dep. at 19:15–18, 28:5–10, confirm that the exposed roots are an open and obvious condition.

Further, Plaintiff has admitted that nothing prevented her from using the sidewalk and designated entrance and that she used the hillside "to save a couple of minutes." ECF No. 22-2, Plaintiff Dep. at 13:17–19; 14:13–16, 15:15–22. That Plaintiff—and others—had descended the hillside in the past did not render its use "necessary" on November 9, 2022. The relevant inquiry is not whether some invitees voluntarily chose to use the hillside, but whether Plaintiff was *required* to do so without a reasonable alternative.[8] *Austin*, 465 S.W.3d at 207–08. Plaintiff's own testimony forecloses the exception; she confirmed the sidewalk was available and unobstructed.

Because the condition was open and obvious and Plaintiff had a readily available safe alternative, Walmart owed no duty to warn or make safe the condition Plaintiff voluntarily chose to encounter and is entitled to summary judgment on Plaintiff's premises liability claim.

---

[8] At his deposition, Donovan equivocated about whether there were footpaths worn into the hillside where Plaintiff fell. *Compare* ECF No. 22-3, Donovan Dep. at 19:18–25, 20:1–6, 49:22–24 (stating that he did not see a pathway worn into the hill) *with id.* at 48:12–15 (stating that his photo of the area showed two paths coming down the hill). The Court agrees with Plaintiff that the picture taken by Donovan's photograph of the area "clearly shows a path worn on the hill." ECF No. 27 at 7; *see* ECF No. 22-6 at 2.

**2.      The tree roots constitute a naturally occurring outdoor condition**

Further, under Texas law, a premises owner is not required to eliminate naturally occurring irregularities in outdoor ground conditions because, absent some unusual or concealed aggravating feature, such irregularities do not constitute unreasonably dangerous conditions. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 414–17 (Tex. 2010); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676–77 (Tex. 2004). Texas courts applying that principle have recognized that visible, naturally occurring conditions such as tree roots do not present an unreasonable risk of harm as a matter of law. *See City of Houston v. Cogburn*, No. 01-11-00318-CV, 2014 WL 1778279, at *5–6 (Tex. App.—Houston [1st Dist.] May 1, 2014, no pet.) (mem. op.).

The condition at issue—exposed tree roots on an unimproved gravel hillside outside the store—is precisely the type of naturally occurring outdoor condition that Texas law does not categorize as unreasonably dangerous as a matter of law. *See id.* Plaintiff acknowledged that the hillside was unimproved, ECF No. 22-2, Plaintiff Dep. at 15:5–7, and Donovan described the roots as naturally occurring and growing from the ground, ECF No. 22-3, Donovan Dep. at 13:13–16. Plaintiff identifies no hidden defect, no structural failure, and no artificial condition that concealed or aggravated the risk. *See generally* ECF No. 27.

Plaintiff suggests that Donovan's testimony that his own children would know not to walk down the hill, "especially with the roots coming out of the ground" is evidence that the roots constitute an unreasonably dangerous condition. ECF No. 27 at 9 (citing ECF No. 22-3, Donovan Dep. at 18:8–21, 19:1–5). That Donovan personally would not have his children traverse the hillside speaks to individual caution in the face of a visible, naturally occurring condition; it does not transform an ordinary outdoor slope with visible roots into a legally unreasonably dangerous condition under Texas law. *Fair*, 310 S.W.3d at 414–17.

11

Viewing the facts in the light most favorable to Plaintiff, she has not raised a genuine issue of material fact as to whether the exposed roots constitute an "unreasonably dangerous condition" under Texas law.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 22) is **GRANTED**. A final judgment will follow pursuant to Rule 58.

It is so **ORDERED**.

**SIGNED** this 24th day of April, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE